REDMANN, Chief Judge,
concurring.
Each ex-spouse claims for the 1980 consent judgment a preclusive effect. The one claims that, by providing that “The payment of the $1,300 alimony and child support payment shall terminate on September 1, 1983,” it precludes all future alimony. The other claims that only the $1,300 amount is terminated, and that by the mere fact of awarding post-divorce alimony, the consent judgment has determined for all purposes that she is without fault (and therefore entitled to alimony as long as she shows her need and her ex-spouse’s ability to pay).
The consent judgment’s wording does not purport to give either of those two effects.
On the one hand, by providing that a specific amount of alimony “and child support” shall terminate at a specified date (after the youngest child’s 18th birthday), before which neither ex-spouse will force the sale of the family home, the consent judgment does not declare that the ex-wife has no claim thereafter for alimony. The law is that one ex-spouse always has a claim for alimony from the other, if the one was free from fault and is in need and the other has sufficient income to afford it. The only judgment that precludes alimony forever is one that decrees that the claimant was at fault in the marriage’s break-up. This consent judgment did not decree that. If the parties had compromised a dispute between themselves over whether the wife had been at fault, by the wife’s conceding that she was at fault and by the husband’s agreeing to three years of nonalimony payments, this consent judgment does not say so. This judgment says no more than that for a specified period $1,300 a month will be paid “representing alimony and child support” — a wording evidently designed to capture a federal income tax advantage.
On the other hand, the consent judgment equally cannot fairly be said to have decided that the wife was without fault, as if it had merely awarded ordinary post-divorce alimony (which is payable as long as the ex-spouses live, subject to change with circumstances). The consent judgment provided that the $1,300 a month “representing alimony and child support ... shall terminate on September 1, 1983.” It further provided that the ex-spouses obliged themselves not to sell the family home before that date. Thus it did not decree the wife entitled to alimony forever, and it may not have decreed her entitled to alimony at all, but to some other payment not intended truly to be alimony.
On its face, the consent judgment shows that child support is part of the award; child support is not deductible from income *951 for federal income tax purposes except when payable together with, and not itemized separately from, alimony. Thus there is a substantial advantage to the family in having the judge describe the payment as “alimony and child support” to make- it tax-deductible, even if it were never intended as true alimony.
Also on its face, the judgment shows that the wife is giving up a right in order to collect the “alimony,” namely the right to force the sale of the community-owned family home (worth $225,000 net of mortgage, the record indicates) — an unprecedented, absolutely foreign element in an “alimony” award. The ex-wife is in a sense “paying” for her “alimony,” giving a quid pro quo. Were she to force the sale of the house she should realize $112,500 which, invested in federally insured accounts during the years in question, might have paid her almost $1,300 monthly. We are aware that her ex-husband agreed to the same detriment — perhaps together they accepted these detriments to assure that the children would have the benefit of using the family home — and that the ex-wife would have had to find another, presumably more modest, place to live had she forced the sale. Nevertheless, this unusual aspect of this consent judgment supports the conclusion that the consent was not merely to fix the amount of alimony, as if conceded to be due, and child support for a specified period.
In my view, the consent judgment cannot fairly be read to settle anything except that $1,300 would be paid monthly to the ex-wife, in a form that would make it deductible on the husband’s federal income tax return, until September 1, 1983 (and that neither ex-spouse could force the sale of the family home before that date). Moreover, the trial judge should not admit evidence of what the parties or their lawyers intended (unless in an action to annul the judgment as mistaken). What the court has now to interpret is a judgment and not a contract.
I therefore concur in the majority’s setting aside the trial judge’s judgment, but I would go further and reverse it entirely and order him to proceed with hearing the ex-wife’s rule for alimony as if the question had never been considered by- a court. She should be allowed to prove that she was without fault and is in need and that his income enables him to pay. If she does, she should be awarded alimony. Considerations of the court’s time aside, that is the fairest thing to do, and the surest to be right: if the ex-wife was not at fault, she should be able to get alimony; if she was at fault, she should not be able to get alimony.